UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-02235-SVW-AJW | Date | May 24, 2017 |
| Title | Cynthia Cardarelli Painter v. Blue Diamond Growers | | |

# JS-6

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO DISMISS [13]

Having read and considered the papers presented by the parties, the Court finds this matter suitable for determination without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for June 5, 2017 at 1:30 p.m. is VACATED and OFF CALENDAR.

I.  **INTRODUCTION**

On January 23, 2017, Plaintiff Painter ("Plaintiff") filed a complaint against Defendant Blue Diamond Growers ("Defendant") pursuant to California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq*.) ("UCL"), False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 *et seq*.) ("FAL"), and Consumers Legal Remedies Act (Cal. Civil Code §§ 1770 *et seq*.) ("CLRA").

On April 17, 2017, Defendant filed this motion to dismiss the case. Dkt. 13. Plaintiff filed an opposition on May 15, 2017. Dkt. 18. Defendant filed a reply on May 22, 2017. Dkt. 20. For the following reasons, the motion is GRANTED and Plaintiff's case is dismissed with prejudice.

II.  **FACTUAL BACKGROUND**[1]

Plaintiff has purchased numerous products from Defendant that she calls "Almond Beverages". The complaint does not list what specific beverages are at issue. Plaintiff alleges that use of word "milk"

---

[1] All facts are taken from the complaint, unless stated otherwise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-02235-SVW-AJW | Date | May 24, 2017 |
|---|---|---|---|
| Title | *Cynthia Cardarelli Painter v. Blue Diamond Growers* | | |

in the name of these beverages, along with Defendant's advertising campaign, misleads consumers into thinking Defendant's beverages are as nutritious as dairy milk. Plaintiff alleges that Defendant's website contains four specific statements about its product:

- "Made from real California almonds, Almond Breeze Original is a deliciously creamy alternative to dairy and soymilk. Almond Breeze Original is lactose free, soy free, calcium enriched, and contains only 60 calories per glass—that's half the calories of 2% milk."
- "1 cup of 2% fat dairy milk contains 30% DV calcium vs. 1 cup of Almond Breeze Unsweetened Vanilla Almondmilk contains 45% DV calcium."
- "There may be no such thing as a perfect food, but almonds come in high on the super-food list. A top plant source for Protein and Vitamin E, almonds also contain fiber, calcium, iron, and other important nutrients."
- "Almond Breeze is an excellent source of Calcium, Vitamin D, and Vitamin E, and a good source of Vitamin A."

Plaintiff does not allege any of these statements are false. Instead, Plaintiff alleges that "Defendant's entire marketing strategy portrays its Almond Beverages as nutritionally superior to dairy milk." Plaintiff alleges that by calling its product "milk" and by stating the above four facts, Defendant is deceiving customers about the nature, quality, and/or ingredients of its products.

Plaintiff also alleges that Defendant's products are misbranded according to the Food Drug & Cosmetic Act ("FDCA") and the California Sherman Food, Drug, and Cosmetic Law ("Sherman Law"). Thus, Plaintiff alleges that Defendant must either label its product as "imitation milk" or cease using the term "milk".

### III. LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 17-02235-SVW-AJW | Date | May 24, 2017 |
| Title | *Cynthia Cardarelli Painter v. Blue Diamond Growers* | | |

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp*, 486 F.3d 541, 545 (9th Cir. 2007).

### IV.  DISCUSSION

Plaintiff's complaint fails two reasons: (A) to the extent the complaint seeks to challenge Defendant's labeling practices, it is preempted by the FDCA, and (B) Plaintiff fails to plausibly allege that a reasonable consumer is likely to be deceived.

#### A. Preemption

Plaintiff attempts to bring a claim based on the purported "mislabeling" of Defendant's products because they failed to call their product "imitation milk". However, "The FDCA, as amended, contains a broad preemption provision" which prohibits a state from directly or indirectly establishing food label requirements that are not identical to federal requirements. *See Ang v. Whitewave Foods Co.*, No. 13-CV-1953, 2013 WL 6492353, at *3 (N.D. Cal. Dec. 10, 2013); 21 U.S.C. § 343-1(a)(3). Plaintiff argues that their claim is based on the FDCA requirements, which according to Plaintiff require Defendant to label their product "imitation milk", but their argument is misplaced. The FDCA requires food to be labeled in a way that accurately describes "the basic nature of the food or its characterizing properties or ingredients." 21 U.S.C. § 101.3(b)(1-3); 21 C.F.R. § 102.5(a). "Almond milk" accurately describes Defendant's product. *See Ang*, 2013 WL 6492353, at *4. Any further labeling requirements, achieved through a lawsuit pursuant to California's Sherman Law, would directly or indirectly establish labeling requirements not identical to the FDCA—and thus are preempted. *See also Gitson v. Trader Joe's Co.*, No. 13-CV-01333-VC, 2015 WL 9121232, at *2 (N.D. Cal. Dec. 1, 2015) ("*Gitson II*") (finding nearly identical claims against the use of the term "soymilk" preempted by the FDCA).

#### B. Plausibility

"False advertising claims under the UCL, FAL, and CLRA are governed by the reasonable consumer standard, whereby a plaintiff must show that members of the public are likely to be deceived."

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-02235-SVW-AJW | Date | May 24, 2017 |
|---|---|---|---|
| Title | *Cynthia Cardarelli Painter v. Blue Diamond Growers* | | |

*Ang*, 2013 WL 6492353, at *4 (citing *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir.2008)). Though this determination is not ordinarily decided on a motion to dismiss, *see Williams*, 552 F.3d at 938, particularly implausible claims may be decided as a matter of law at the pleading stage. *See Ang*, 2013 WL 6492353, at *4 (finding as a matter of law no customer could confuse soymilk or almond milk for dairy milk); *Gitson v. Trader Joe's Co.*, No. 13-CV-01333-WHO, 2013 WL 5513711, at *7 (N.D. Cal. Oct. 4, 2013) ("*Gitson I*") (finding at the pleading stage that no reasonable consumer would believe that a product labeled Organic Soy Milk, including the explicit statement that it is "LACTOSE & DAIRY FREE", has the same qualities as cow's milk); *Gitson II*, at *2 (finding at the pleading stage that "it is implausible that the use of the word "soymilk" misleads any consumer into believing the product comes from a cow.").

Plaintiff attempts to distinguish the three cases that have adjudicated this exact issue by claiming that her allegation is not that consumers will confuse almond milk for cow's milk, but rather that consumers will be deceived into thinking almond milk has the same nutritional value as cow's milk. *But see id.* at *1 ("[P]laintiffs also suggest that the word "soymilk" is misleading [] because it implies that the product has a similar nutritional content to cow's milk. But a reasonable consumer (indeed, even an unsophisticated consumer) would not assume that two distinct products have the same nutritional content; if the consumer cared about the nutritional content, she would consult the label."). This is a distinction without a difference. No reasonable consumer could be misled by Defendant's unambiguous labeling or factually accurate nutritional statements.[2] As the *Ang* court notes, "[u]nder Plaintiffs' logic, a reasonable consumer might also believe that veggie bacon contains pork, that flourless chocolate cake contains flour, or that e-books are made out of paper." *Ang*, 2013 WL 6492353, at *4. By using the term "*almond* milk", even the least sophisticated consumer would know instantly the type of product they are purchasing. If the consumer is concerned about the nutritious qualities of the product, they can read the nutrition label—which Plaintiff does not allege is false or misleading.

Thus, Plaintiff's claim of customer confusion is patently implausible and cannot support claims under the UCL, FAL, or CLRA.

**V.     CONCLUSION**

---

[2] As in *Gitson II*, the Plaintiff in this case also "do[es] not allege that the nutrition label contains any misleading information that could lead someone to believe that [almond milk] has the same nutritional content as cow's milk. Nor, for that matter, do the plaintiffs allege that [Defendant] misrepresents the nutritional content of its [almond milk] products in its advertising." *See id.* at *1 n. 2.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 17-02235-SVW-AJW | Date | May 24, 2017 |
| Title | *Cynthia Cardarelli Painter v. Blue Diamond Growers* | | |

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Since the names of Defendant's products will not change, and Plaintiff already alleged what she believed were the most advantageous statements made on Defendant's website, Plaintiff is unlikely able to plead new facts that would give rise to a cognizable claim. Since amendment would be futile, the Court dismisses the case with prejudice. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991) (leave to amend need not be granted when amendment would be futile).

:

Initials of Preparer    PMC